IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DUANE L. MOORE,
# 09362-025,

Petitioner,

vs.

JAMES CROSS, Jr.,

Respondent.                                    Case No. 15-cv-749-DRH

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Petitioner Duane Moore has filed a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 in order to challenge his conviction and sentence under *United States v. Harden*, 758 F.3d 886 (7th Cir. 2014).  Moore, an inmate who is currently confined in the Federal Correctional Institution located in Greenville, Illinois, claims that the acceptance of his guilty plea by a federal magistrate judge in *United States v. Moore*, Case No. 11-cr-30188-DRH-1 (S.D. Ill. 2012), violated the Federal Magistrates Act, 28 U.S.C. § 636.  This, in turn, caused a structural defect in his conviction, which he claims warrants automatic reversal (Doc. 1, p. 8).

This matter is now before the Court for preliminary review of the habeas petition.  Rule 4 of the Federal Rules Governing Section 2254 Cases in United States District Courts provides that upon preliminary consideration by the district judge, "[i]f it plainly appears from the face of the petition and any exhibits

annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases. For the reasons set forth below, the petition shall be **DISMISSED**.

### I. Background

On October 19, 2011, Moore was indicted for distribution of crack cocaine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C) (Doc. 1, p. 4). *United States v. Moore*, Case No. 11-cr-30188-DRH-1 (S.D. Ill. 2012) ("criminal case"). He entered a plea of "not guilty" on December 5, 2011 (Doc. 7, criminal case). However, he changed the plea to "guilty" at a hearing before United States Magistrate Judge Donald G. Wilkerson on January 30, 2012 (Doc. 20, criminal case). Moore signed a "Notice Regarding Entry of Plea of Guilty," in which he consented to Magistrate Judge Wilkerson conducting the proceedings required by Federal Rule of Criminal Procedure 11 and accepting the plea (Doc. 21, criminal case). Magistrate Judge Wilkerson accepted Moore's guilty plea on January 30, 2012 (Doc. 20, criminal case). Following the issuance of an uncontested presentence investigation report (Doc. 24, criminal case), this Court sentenced Moore to a term of 216 months of imprisonment with the Federal Bureau of Prisons ("BOP") on May 4, 2012 (Doc. 30, criminal case).

Moore filed an appeal to challenge the enhanced sentence that he received as a career offender under the United States Sentencing Guidelines ("U.S.S.G.") § 4B1.1. *See United States v. Moore*, Appeal No. 12-2127 (7th Cir. 2012)

("appeal"). The Seventh Circuit Court of Appeals dismissed the appeal as frivolous on June 17, 2013 (Doc. 28, appeal).

Moore then filed a Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 on March 20, 2014. *See Moore v. United States*, Case No. 14-363-DRH (Doc. 1). In the motion, he argued that his sentence should be vacated because he received ineffective assistance of counsel when his attorney failed to object to his career offender status. The Section 2255 motion remains pending.

## II. Habeas Petition

Moore filed the instant petition on July 10, 2015 (Doc. 1). In it, he claims that the magistrate judge's acceptance of his felony guilty plea violated the Federal Magistrates Act, 28 U.S.C. § 636, Rule 59 of the Federal Rules of Criminal Procedure, and his right to due process (Doc. 1, p. 5). According to the petition, a magistrate judge was not authorized under the Federal Magistrates Act to accept the felony guilty plea. Even if there was no prejudice or harm, Moore contends that automatic reversal of his conviction and sentence is warranted (Doc. 1, p. 7).

## III. Discussion

The instant petition raises a claim of legal error in Moore's conviction and sentence. Petitions for writ of habeas corpus under Section 2241 are generally not used for this purpose. *See Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998). Section 2241 petitions usually challenge the execution of a sentence. *See id.*

A federally convicted person may instead challenge his conviction and

sentence by bringing a motion pursuant to 28 U.S.C. § 2255 in the court that sentenced him, and a Section 2255 motion is typically the "exclusive means for a federal prisoner to attack his conviction." *Kramer v. Olson*, 347 F.3d 214, 217 (7th Cir. 2003). *See also Hill v. Werlinger*, 695 F.3d 644, 645 (7th Cir. 2012) (citing *Walker v. O'Brien*, 216 F.3d 626, 629 (7th Cir. 2000)). Such motions are allowed to challenge sentences that are imposed in violation of the Constitution or laws of the United States, sentences that the court was without jurisdiction to impose, or sentences that are in excess of the maximum authorized by law. 28 U.S.C. § 2255(a). However, Section 2255 generally limits a prisoner to *one* challenge of his conviction and sentence under Section 2255.

It is only in very limited circumstances that a prisoner may challenge his federal conviction or sentence under Section 2241. *See* 28 U.S.C. § 2255(e). Section 2255(e) contains a "savings clause" that authorizes a federal prisoner to file a Section 2241 petition where the remedy under Section 2255 is "inadequate or ineffective to test the legality of his detention." *Id.*; *see also United States v. Prevatte*, 300 F.3d 792, 798-99 (7th Cir. 2002). "'Inadequate or ineffective' means that 'a legal theory that could not have been presented under [Section] 2255 establishes the petitioner's actual innocence.'" *Hill*, 695 F.3d at 648 (citing *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002); *In re Davenport*, 147 F.3d 605, 608 (7th Cir. 1998)).

Moore invokes the "savings clause" in this case to challenge his conviction

under *Harden*.[1]  As for its applicability, the Seventh Circuit has held that Section 2255 is only inadequate or ineffective when three requirements are satisfied. *See In re Davenport*, 147 F.3d at 610-12.  First, a petitioner must show that he relies on a new statutory interpretation case rather than a constitutional case. Secondly, the case was decided after the petitioner's first Section 2255 motion but is retroactive.  Lastly, the alleged error resulted in a "fundamental defect" in the petitioner's conviction or sentence that is grave enough to be deemed a miscarriage of justice.  *Id. See also Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013); *see also Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012). Under this standard, Section 2241 cannot provide Moore with the relief he seeks.

The petition does not satisfy the second *Davenport* requirement. Moore filed a Section 2255 motion on March 20, 2014, in order to vacate, set aside, or correct his conviction and sentence based on the allegedly ineffective assistance of his counsel.  *United States v. Harden*, 758 F.3d 886 (7th Cir. 2014). The United States Supreme Court decided *Harden* on July 14, 2014.  Although *Harden* was decided after Moore filed his Section 2255 motion, the collateral attack was – and is – still pending.  Yet, the Court found no record of Moore's efforts to amend his Section 2255 motion to raise a *Harden* claim prior to filing the instant Section 2241 petition.  The Seventh Circuit Court of Appeals has recognized Section 2255 as the proper vehicle for bringing a *Harden* claim.  *See*

---

[1] Moore presents no other arguments that would entitle him to relief under Section 2241. Although the petition alludes to Federal Rule of Criminal Procedure 59 and due process violations, Moore does not explain why he seeks relief on these grounds.  The Court is not obligated to craft an argument on Moore's behalf, and it declines to do so here.

*United States v. Burgard*, Appeal No. 14-3374 (7th Cir., dismissed Mar. 13, 2015) (collateral attack is appropriate vehicle under Rule 11, Fed. R. Crim. P., for bringing a *Harden* claim once sentence is imposed). This Court has allowed amendments under similar circumstances. *See Beard v. United States*, Case No. 14-cv-897-DRH (S.D. Ill. 2014) (granting motion to amend Section 2255 motion where change in law occurred after all briefing on underlying claims was complete). Given this, it appears that Moore's Section 2241 was filed prematurely.

Further, *Harden* is premised on longstanding Supreme Court precedents. *See, e.g., Peretz v. United States*, 501 U.S. 923, 931-33 (1991); *Johnson v. Ohio*, 419 U.S. 924, 925 (1974); *Brady v. United States*, 397 U.S. 742, 748 (1970). Moore could have raised this claim in the Section 2255 motion on the basis of these prior cases. Again, there is no indication that he did. Because Moore has not demonstrated that Section 2255 is inadequate or ineffective to test the legality of his detention, the Section 2241 petition shall be dismissed. And, because the Section 2241 petition appears to be premature, the dismissal shall be without prejudice.

### IV.  Disposition

**IT IS HEREBY ORDERED** that the Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. 1) is summarily **DISMISSED** on the merits without prejudice. Respondent **JAMES CROSS, Jr.** is also **DISMISSED** without prejudice.

If petitioner wishes to appeal this dismissal, his notice of appeal must be filed with this court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1(A). A motion for leave to appeal *in forma pauperis* ("IFP") should set forth the issues petitioner plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If petitioner does choose to appeal and is allowed to proceed IFP, he will be liable for a portion of the $505.00 appellate filing fee (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) tolls the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended. It is not necessary for petitioner to obtain a certificate of appealability in an appeal from this petition brought under Section 2241. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

The Clerk is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

Signed this 4th day of August, 2015

Digitally signed by David R. Herndon
Date: 2015.08.04 10:19:18 -05'00'

_____
**United States District Judge**